144 So.2d 833 (1962)
The E.J. EVANS COMPANY, an Ohio Corporation, Appellant,
v.
The OHIO STATE LIFE INSURANCE COMPANY, an Insurance Company Incorporated under the Laws of the State of Ohio and Authorized to Do Business in the State of Florida, Appellee.
No. 2521.
District Court of Appeal of Florida. Second District.
August 17, 1962.
Rehearing Denied November 12, 1962.
*834 Blackwell, Walker & Gray, Miami, for appellant.
Caldwell, Pacetti, Foster & Barrow, West Palm Beach, for appellee.
WILLSON, J.H., Associate Judge.
The plaintiff in the lower court has appealed from a summary judgment for the defendant.
The cause of action set forth in the amended complaint was first asserted by appellant on February 2, 1960. It arises out of an insurance policy issued by appellee on the life of one John Gordon Morgan, who, at the time of issuance, was a stockholder, director and officer of appellant.
It was alleged in the amended complaint that prior to and following the issuance of the policy a general agent of appellee represented to appellant that it was the owner of the proceeds of said policy, and that no action was necessary on its part to obtain the cash surrender value thereof at any time prior to January 7, 1957, provided it paid the annual premiums. These representations, appellant charged, were false, and made with the intent to induce the appellant to rely thereon, and, in particular to cause appellant to pay the annual premiums due on the policy, and appellant did in reliance on the representations pay the premiums. It was further alleged that in the month of March, 1955, appellant made demand for the payment of the cash surrender value of the policy, but appellee "in failing and refusing to pay the sums demanded, breached its contract with" appellant.
We cannot determine from reading the amended complaint whether appellant is suing for fraud, or for breach of contract, nor can we glean any sure light on this question from appellant's brief. Whether the action sounds in tort or in contract, the motion for summary judgment was properly granted.
Assuming that the action was one for fraud, the fraud, if any, was discovered in March of 1955. The action was therefore barred by Section 95.11, Fla. Stat., F.S.A., which provides that an action for fraud shall be brought within three years after its discovery. The defense of the statute of limitations was set up in appellee's answer. The deposition of Karl W. Todd, the president of appellant, shows that the fraud, if any, was discovered in 1955. Appellant presented no facts either by deposition or affidavit to avoid this defense. There was therefore no issue of *835 fact to submit to a jury, and the summary judgment was properly entered.
The able trial judge who entered the summary judgment treated the action as being based solely on the alleged fraud of appellee's general agent. While we think he was correct, we will consider another question raised in appellant's brief that might be applicable if the action were one for breach of contract.
Appellant maintains that appellee is estopped to deny the correctness of the interpretation put upon the insurance policy by its general agent. Where the terms of the insurance policy are ambiguous, a construction placed upon them by a general agent may bind the insurer, Kendrick v. Mutual Ben-Life Ins. Co., 124 N.C. 315, 32 S.E. 728 (N.C.); Wilson v. Hawkeye Casualty Co., 67 Wyo. 141, 215 P.2d 867 (Wyo.), but where the terms are unambiguous an interpretation thereof by a general agent does not bind the insurer. Schultz v. Benefit Ass'n of Railway Employees of Chicago, Ill., 175 S.C. 182, 178 S.E. 867 (S.C.); Stivers v. National American Insurance Co., 9 Cir., 247 F.2d 921; Ray v. Mutual Benefit Health & Accident Ass'n, 220 S.W.2d 622 (Mo. App.). The terms of the policy in this case are plain and unambiguous, and appellee is not estopped by its general agent's alleged interpretation of the insurance policy.
In the absence of controlling statutory or contract provisions, agents with actual or ostensible power to enter into contracts of insurance have authority to modify, by and with the consent of the insured, policies already issued. 4 Couch on Insurance, 2d 87. Coletta v. Ohio Cas. Ins. Co., 96 Ohio App. 70, 121 N.E.2d 148. The statements made by appellee's general agent, however, are not such as would give rise to a parol modification of the policy.
The record does not disclose any error in the assessment of costs.
The judgment of the lower court is affirmed.
ALLEN, Acting C.J., and SMITH, J., concur.