322 So.2d 80 (1975)
The TRAVELERS INDEMNITY COMPANY, Appellant,
v.
James KASSNER et al., Appellees.
No. 75-35.
District Court of Appeal of Florida, Third District.
November 4, 1975.
Rehearing Denied December 3, 1975.
*81 Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellant.
Levine, Helman & Reckson, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, defendant in the trial court, brings this appeal from a final judgment entered in favor of appellees, plaintiffs below, awarding them money damages pursuant to a business interruption insurance policy.
Appellees are a partnership engaged in the manufacture and sale of maternity clothing. Their main office and manufacturing plant is located in Opa-Locka, Florida. Appellees also own or operate approximately forty retail stores located throughout the United States. The major portion of the garments manufactured at the Opa-Locka plant are shipped by appellees to their own retail stores. Such shipments are not recorded as sales on the books of the partnership, but are indicated as transfers of inventory. Other garments are sold to unaffiliated third party retailers.
On August 1, 1971, the Opa-Locka facilities suffered extensive damage from a fire caused by lightning striking the premises. As a result, appellees' manufacturing operations were stopped for a period of thirty days and appellees filed a claim under their business interruption insurance policy carried with appellant. Appellant disagreed with appellees' assertion of the extent of the loss and the method to be used in determining the damages. Appellees then filed suit against appellant seeking the maximum coverage of $50,000 under the policy. On November 22, 1974, a final judgment, after a jury trial, was entered *82 awarding appellees $50,000. From this judgment, appellant brings its appeal.
Appellant contends that the trial court erred by failing to give a requested jury instruction containing a definition of the word "sale" under the Florida law of sales, when the meaning of that word was in conflict and a pivotal issue in the case. Appellees contend that loss of gross earnings, defined in their insurance policy with appellant as the total net sales value of production, is not determined by the technical rules of the law of sales and that the trial judge did not err by failing to give the requested jury instruction.
The insurance policy in question is a standard Form 5 Business Interruption Policy. It insured against a loss of gross earnings from business interruption and defined gross earnings when the insured's income is derived principally from its manufacturing operations as the total net sales value of production less certain items of expenses.
Appellant's request for the jury instruction defining "sales" arose out of its contention in the trial court that transfers of merchandise manufactured by appellees to their own stores were not sales and that it was improper for appellees' witness to include in his computation of the net sales value of production such merchandise transfers. If such transfers were not included in the policy formula for determining "gross earnings," then appellees' damages covered by the business interruption insurance policy would have been less than the $50,000 awarded in the jury verdict.
Although we are unable to find any Florida statute or case interpreting the term "net sales value of production" as that term is used in a business interruption insurance policy, it does appear that in the construction and interpretation of such policies the courts have followed and applied the recognized and accepted rules of construction and interpretation which are applicable to insurance policies generally. 44 Am.Jur.2d, Insurance, § 1694; 83 A.L.R.2d 885, 905; and 18A Fla.Jur.Insurance, §§ 405 and 878.
The courts have said that losses covered by this type of insurance should be determined in a practical way, having regard for the nature of the business and the methods employed in its operation, in order to give practical effect to the intentions of the parties and the purpose of the insurance as evidenced by the terms, conditions, and provisions of the policy. 18A Fla.Jur. § 878.
Applying these rules to this appeal, it is our opinion that the trial judge did not err in failing to give the jury charge requested by appellant. Appellant's requested jury charge reads as follows:
"DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

"A sale consists of passing of title from the Seller to the Buyer for a price. A sale is a transmutation of property from one person to another in consideration of some price or value. It is a contract whereby the absolute or general ownership of property is transferred from one person to another for a price, or for any consideration."
"Florida Statute 672.2-106(1): Edwards v. Baldwin Piano Co., 79 Fla. 143, 81 So. 915."
We agree with the trial judge that a reasonable interpretation of the term "net sales value of production" does not require attributing to it the technical definition of "sale" as that term is defined in § 672.2-106(1), Fla. Stat., F.S.A. Further, we note the general rule that terms in an insurance policy which are ambiguous or uncertain are to be construed most strongly against the insurer and liberally in favor of the insured. Where the terms of an insurance policy may be susceptible of two interpretations, that interpretation which sustains *83 the claim for indemnity, or which allows the greater indemnity, should be adopted. 18 Fla.Jur., Insurance § 407.
We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.