333 So.2d 80 (1976)
EMMCO INSURANCE COMPANY, an Indiana Corporation, Appellant,
v.
SOUTHERN TERMINAL AND TRANSPORT COMPANY, Appellee.
No. Z-302.
District Court of Appeal of Florida, First District.
April 13, 1976.
Rehearing Denied June 30, 1976.
*81 James M. McLean, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
William C. Owen, of McClure & Wigginton, Roy T. Rhodes, of Rhodes, Stephens & Bryant, J. Ben Watkins, of Watkins, Hill & Marts, Guyte P. McCord, III and Sam Spector, Tallahassee, for appellee.
SMITH, Judge.
Emmco, a marine insurer, appeals from a final summary judgment entered against it and in favor of appellee Southern for benefits payable under a protection and indemnity (P&I) rider on a policy insuring against liability, to the extent of their hull value, specified tugs and barges of Southern. Following a Mississippi River collision in which Southern's insured tug SUZANNE was at fault while towing Southern's uninsured barge CHEM-III, Emmco paid under the tug hull policy to the extent of the tug's hull value, less appropriate deductibles. However, since the collision arose out of and had a relation to towage by the SUZANNE of the CHEM-III, Emmco declined coverage under the P&I rider, which provided in relevant part as follows:
"The Assurer hereby undertakes to make good to the Assured ... all such loss and/or damage ... as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of ...
......
"(4) Liability for loss of, or damage to, any other vessel or craft ... caused by collision with the vessel named herein, insofar as such liability would not be covered by full insurance under the [companion policies]... ."
......
"Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer:
"For any loss, damage, expense or claim arising out of or having relation to the towage of any other vessel or craft... ." (Emphasis in original.)
The trial court held that, since Emmco knew Southern's business is towage, there is an irreconcilable conflict or ambiguity between the insuring clause and the exclusion. The court therefore determined that the ambiguity should be resolved favorably to the insured, e.g., Nixon v. United States Fid. and Guar. Co., 290 So.2d 26 (Fla. 1973), and entered judgment for the difference between the amount paid by Emmco in hull coverage and the amount of Southern's liability, plus attorney's fees and costs.
Clearly, the P&I policy insured Southern against liability for the fault of the SUZANNE, to the amount by which Southern's liability exceeded the hull coverage and did not exceed liability limits, not here pertinent, unless the loss was excluded from coverage as "one arising out of or having relation to the towage of any other vessel or craft." The policy unambiguously insured against liability for "the vessel named herein," and the SUZANNE was one of numerous tugs and barges, not including the CHEM-III, named in a schedule attached.
The critical question is whether there is an irreconcilable conflict between the insuring clause and the exclusion, as *82 found by the trial court. We conceive that the exclusion clause may be given meaning which does not entirely defeat the insuring clause and, consequently, that neither should be held to cancel the other.
It is significant that the P&I rider is in a form designed primarily for the insuring of a single vessel, hence its repeated references to "the vessel named herein." We may therefore read the rider as though it listed and referred to the SUZANNE alone, because the CHEM-III, though surely a vessel, was not one "named herein" for which a premium was paid and P&I insurance provided. So clarified, the exclusion clause may be seen as negating coverage for any loss "arising out of or having relation to the towage of any other vessel or craft" except the insured vessel, the SUZANNE. The same language also excludes P&I coverage for a loss having relation to the SUZANNE's towage of the uninsured CHEM-III. Had the CHEM-III been insured by the P&I policy and at fault in the collision, e.g., Bisso v. Waterways Trans. Co., 235 F.2d 741 (5th Cir., 1956), P&I coverage would have attached regardless of whether the SUZANNE had been either at fault or insured. Similarly, had the insured SUZANNE been at fault when towing one of the "vessel[s] named herein," including any one of the several barges for which a P&I premium was paid, the collision could not be said to have arisen out of or in relation to the towage of "any other vessel or craft," as that phrase is employed in the rider, and there likewise would have been coverage. But in the absence of irreconcilable ambiguity, we are not at liberty to cancel entirely the explicit exclusion in the rider and thus convert the policy to one indiscriminately covering all towing activities of Southern's tugs, whether of insured barges or otherwise. The risk of collision and of damage by collision is affected by the towing relationship, as a combined tug and tow has reduced maneuverability and creates maneuvering problems for other vessels. G. Gilmore & C. Black, The Law of Admiralty, § 7-14, at 424 (1957). This being so, a marine insurer may competently contract to limit its liability to those collisions in which a premium has been paid for both tug and barge. We believe that was done in this case.
We have considered whether the exclusion clause is susceptible to yet another construction favorable to the insured, which of course would require affirmance of the trial court's judgment. The only remaining hypothesis suggested or occurring to us is that the exclusion clause's reference to loss "arising out of or having relation to the towage of any other vessel or craft" is in truth a reference to "[such] other vessel or craft," meaning the "other vessel or craft" which was damaged in the collision giving rise to Southern's liability. It would require the addition of only one word to the policy to effect this transformation, but we are unauthorized to add or subtract even one word from the bargain.
The judgment for Southern will be vacated and the cause remanded for entry of judgment for Emmco.
REVERSED.
COX, JOHN S., Associate Judge, concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I respectfully dissent. In my view the critical question is not whether there is an irreconcilable conflict between the insuring clause and the exclusion, but rather whether there is an ambiguity which should be resolved favorably to the insured, as found by the trial court. It seems to me that the very language cited in the majority opinion is blatantly ambiguous. I would therefore affirm.

*83 ON PETITION FOR REHEARING
SMITH, Judge.
Southern's petition for rehearing newly asserts that the barge CHEM-III was owned by one other than Southern. We evidently had an erroneous impression of the matter, for evidence not previously alluded to by the parties supports Southern's suggestion, which does not, however, vary our decision.
Southern urges also that the exclusion clause in the P&I rider can and should be given effect consistent with its interpretation of the policy. When towage is involved, Southern suggests by way of example, liability may properly be denied under P&I clause 5, insuring against "Liability for loss of or damage to any other vessel ... not caused by collision." Thus Southern's argument does not read the towage exclusion entirely out of the P&I rider but negates it only when the collision coverage of clause 4 is invoked. That collision coverage must be honored notwithstanding the exclusion clause, it is urged, because clause 4 explicitly refers to the underlying tug hull policy in defining coverage for collision damage, and the tug hull policy covers liability resulting from a vessel's collision with the tug SUZANNE whether it had a tow or not. Southern's logic is persuasive to a point, but it is unnecessary to obliterate the towage exclusion to enable clause 4 to adopt for the P&I rider many coverages of the underlying tug hull policy. We cannot accept Southern's conclusion that the integrity of the P&I towage exclusion must be violated if the integrity of the tug hull policy and of P&I insuring clause 4 is to be preserved.
Again, Southern would create an irreconcilable conflict between two clauses of the P&I rider in order to strike down one of them. For the reasons previously stated, we conceive it is our duty to adopt, if we can, an interpretation of the policy which permits each of the pertinent clauses to coexist with the others except to the extent of necessary conflict. We cannot doubt that other available insurance would have afforded broader coverage, but it is not our function to provide it.
Southern properly points out that its complaint asserted a theory of liability on the part of Emmco which was not touched on by the trial court's summary judgment or by the briefs and argument on the appeal. The remand should therefore be made not necessarily for entry of judgment for Emmco but for further proceedings consistent with our disposition of the case.
The prayer of the petition for rehearing is otherwise
DENIED.
COX, JOHN S., Associate Judge, concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge, Dissents.
I am yet of the views expressed in my dissent to the original opinion. The petition for rehearing strengthens those views and furnishes even further reasons for affirmance. I would grant the petition for rehearing, recede from this Court's prior holding and affirm the trial court.