353 So.2d 565 (1977)
AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant,
v.
John Howard HORN, III, et al., Appellees.
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
John Howard HORN, III, et al., Appellees.
Nos. 77-1620 to 77-1623.
District Court of Appeal of Florida, Third District.
November 30, 1977.
Rehearing Denied January 16, 1978.
*566 Wicker, Smith, Blomqvist, McMath, Tutan & O'Hara and Richard A. Sherman, Pyszka, Kessler, Adams & Solomon, Rentz, McClellan & Haggard, Miami, for appellants.
Greene & Cooper, Podhurst, Orseck & Parks and Michael S. Olin, Corlett, Merritt, Killian & Sikes and A. Dan Killian, Jr., Miami, Herman Grayson, Miami Beach, for appellees.
Before HENDRY, C.J., and HUBBART and KEHOE, JJ.
HENDRY, Chief Judge.
American Manufacturers Mutual Insurance Company and the United States Fire Insurance Company, defendants in the trial court, take this consolidated appeal from a partial summary judgment construing the terms and amount of their respective insurance policies issued to the appellee/defendant Eastern Auto Leasing, Inc. to be used for the benefit of John Howard Horn, III, plaintiff in the trial court. Horn and Eastern Auto Leasing join together in urging affirmance of the judgment appealed.
Horn was seriously injured when the motorcycle he was riding was struck by an automobile driven by one Perla M. Bardino. Bardino's automobile was leased by Miami Latin of Florida, Inc. and operated with its permission at the time of the accident. Miami Latin in turn leased the vehicle from appellee Eastern Auto Leasing.
Horn brought suit against Bardino, Miami Latin, Eastern Auto Leasing and their insurers for personal injury damages sustained as a result of the accident. While the negligence claim was pending, Horn and Eastern Auto Leasing sought a declaration by the trial court as to the scope and amount of coverage provided by insurance policies issued by Indiana Insurance Company, American Manufacturers Insurance Company and the United States Fire Insurance Company. Indiana Insurance Company issued a policy with a maximum coverage of $100,000 to Miami Latin. Indiana has already tendered its coverage for the benefit of Horn and is not a party to this appeal. Appellant American Manufacturers issued an insurance policy to Eastern Auto Leasing with a maximum exposure of $300,000. United States Fire Insurance Company also issued a policy to Eastern Auto Leasing providing for excess coverage up to $1,300,000.
The trial court entered a partial summary judgment construing the terms of the policies and providing as follows:
* * * * * *
"2. ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary *567 Judgment and Defendant EASTERN AUTO LEASING'S Motion for Partial Summary Judgment are granted. The Court finds as a matter of law that INDIANA INSURANCE COMPANY provides the first $100,000.00 coverage for the benefit of the Plaintiff, AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY provides coverage from $100,000.00 to $300,000.00 for the benefit of the Plaintiff, and UNITED STATES FIRE INSURANCE COMPANY provides coverage from $300,000.00 to $1,300,000.00 for the benefit of the Plaintiff. The Court's determination is supported by the following conclusions of law:
"a. INDIANA INSURANCE COMPANY has admitted, and the Court so finds, that it provides the first $100,000.00 coverage for the benefit of the Plaintiff.
"b. The provisions of the AMERICAN MANUFACTURERS' policy are repugnant and inconsistent. Any such inconsistency or ambiguity must be resolved against the insurer and in favor of coverage. Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla. 1975); Travelers Indemnity Co. v. Kassner, 322 So.2d 80 (Fla.3d DCA 1975). The AMERICAN MANUFACTURERS' policy provides $200,000.00 coverage to EASTERN AUTO LEASING AND MIAMI LATIN in excess of the $100,000.00 coverage provided by INDIANA.
"c. In the alternative, the Court finds that there is coverage under the AMERICAN MANUFACTURERS' policy by reason of the representation of their authorized agent, Kimpfler, made prior to the issuance of the policy in question, that there would be coverage under the facts of this case. Under the circumstances, AMERICAN MANUFACTURERS is estopped to deny the correctness of the interpretation put upon its policy by its agent. E.J. Evans Co. v. Ohio State Life Ins. Co., 144 So.2d 833 (Fla.2d DCA 1962); 18 Fla.Jur. 371-72; Insurance § 403.
"d. The Court finds that under the terms of the UNITED STATES FIRE policy, UNITED STATES FIRE provides $1,000,000.00 coverage to EASTERN AUTO LEASING and MIAMI LATIN in excess of the $100,000.00 coverage provided by INDIANA and the $200,000.00 coverage provided by AMERICAN MANUFACTURERS.
"3. ORDERED AND ADJUDGED, in the alternative, that if an appellate court holds there is no coverage under the AMERICAN MANUFACTURERS' policy, this Court finds that UNITED STATES FIRE INSURANCE COMPANY provides coverage of $1,000,000.00 for the benefit of the Plaintiff in excess of the $100,000.00 coverage provided by INDIANA INSURANCE COMPANY. Such an alternative holding is proper. Petrine v. D. Black & Sons, Inc., 338 So.2d 912 (Fla.3d DCA 1976).
* * * * * *
We will first discuss the contentions presented by appellant American Manufacturers. It argues on appeal that the trial court erred in ordering it to provide coverage from $100,000.00 to $300,000.00 for the benefit of Horn since its policy clearly excludes coverage in this instance. It refers us to an endorsement entitled "Leased Automobiles  Contingent Liability Coverage":
* * * * * *
"2. `Leased automobile' as used in this endorsement, means an automobile rented by the named insured under a written agreement to another person or organization, hereinafter called the lessee, for one year or longer without the services of a driver, and such written agreement requires the lessee to:
"(a) maintain for the named insured with respect to the operation or use of such automobile direct primary bodily injury liability and property damage liability insurance at least equal to the limits of liability stated in the schedule, and

"(b) furnish the named insured a certificate of insurance as evidence of *568 such insurance, such certificate to provide not less than 30 days prior notice of cancellation of the insurance to the named insured.
"3. Application of Insurance  Leased Automobiles.  The insurance applies only to a leased automobile with respect to which the lessee has not maintained the insurance as required in Paragraph 2." [Emphasis supplied.]
* * * * * *
It contends that this endorsement requires that the lease agreement between Eastern Auto Leasing and Miami Latin must contain a provision in which Miami Latin will maintain bodily injury liability coverage at least equal to the limits of liability provided for in the policy schedule, i.e., at least $300,000.00 per person bodily injury liability coverage. Since the lease agreement provides only $100,000.00 per person bodily injury liability coverage, an exclusion in the policy operates to deny coverage to Eastern Auto Leasing:
"This policy does not apply with respect to an owned automobile while such automobile is in the custody of a lessee under a written lease agreement which requires the lessee to provide insurance thereon unless insurance is specifically provided by endorsement to this policy."
We are not persuaded that the policy clearly operates to deny coverage in this instance.
The policy defines a leased automobile as follows:
"(3) The term `leased automobile' means an owned automobile furnished for the use of a person or organization under a written lease agreement between such person or organization, hereafter called `lessee', and the named insured providing for the exclusive use of such automobile by the lessee for a period of not less than twelve (12) consecutive calendar months."
The "Leased and Rental Automobile Endorsement" specifically provides coverage with respect to such leased automobiles:
"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes the lessee or renter and, if the lessee or rentee is an individual, his spouse if a resident of the same household, and any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured, lessee, rentee or such spouse or with the permission of the named insured, lessee, rentee or such spouse ...." [Emphasis supplied.]
We find that these provisions are inconsistent with the exclusions relied upon by American Manufacturers to deny coverage. Since the appellant has failed to refer us to any other provision in the policy that would clearly operate to negate coverage, we conclude that the provisions outlined above are sufficiently inconsistent to create uncertainty in the proper interpretation of the policy. We are therefore obliged to construe this uncertainty against the insurer and in favor of the insured. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975), Maryland Casualty Company v. Murphy, 342 So.2d 1051 (Fla.3d DCA 1977). Nor are we unmindful that this policy must be considered in its entirety in order to determine the intentions of the parties. Feldman v. Central National Insurance Co. of Omaha, 279 So.2d 897 (Fla.3d DCA 1973). Equally important, the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties  not a strained, forced or unrealistic interpretation. U.S. Fidelity & Guaranty Co. v. Hazen, 346 So.2d 632 (Fla.2d DCA 1977), General Accident Fire and Life Assurance Corp. v. Liberty Mut. Ins. Co., 260 So.2d 249 (Fla.4th DCA 1972).
Applying these principles to the facts of the instant case, American Manufacturers may not now deny coverage where it drafted the terms and conditions of the policy and could have done so in such a manner as to clearly exclude coverage of *569 this contingency had it chosen to do so. Eastern Auto Leasing should not be penalized by an esoteric exclusion when it sought coverage to indemnify itself for losses of precisely this nature. We therefore adopt the construction which provides the most coverage to the insured and affirm the partial summary judgment determination regarding the terms and conditions of coverage of American Manufacturers' policy. See Oliver v. United States Fidelity and Guaranty Co., 309 So.2d 237 (Fla.2d DCA 1975), cert. den. 322 So.2d 913 (Fla. 1975).
We next turn to consider the position advanced on appeal by the other appellant, U.S. Fire Insurance Company. U.S. Fire contends that the trial court erred in holding that its policy would be excess over $300,000.00 rather than excess over $400,000.00 since its policy provides that it is excess over the retained limits of the underlying insurance. The retained limits are defined as:
"(a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other underlying insurance collectible by the insured; or
"(b) an amount as stated in item 4(c) of the declarations as the result of any one occurrence not covered by the said policies of insurance; ..." [Emphasis supplied.]
Applying this provision to the facts at bar, Schedule A to the policy specifically lists the American Manufacturers' policy as the underlying insurance policy with limits of $300,000.00. Indiana Insurance has already admitted coverage for its $100,000.00 and is therefore "any other underlying insurance collectible by the insured."
Since U.S. Fire's policy provides that it is excess over "the applicable limits of the underlying policies listed in Schedule A, and the applicable limits of any other underlying insurance collectible by the insured", the trial court correctly held the applicable limits of American Manufacturers' policy to be $200,000.00 and the applicable limits of the Indiana policy to be $100,000.00. We hold that this provision unambiguously operates to provide all excess coverage over $300,000.00 up to the maximum limits of the policy.
In view of our decision to affirm the trial court's partial summary judgment, we need not discuss its alternative rulings. Therefore, for the reasons stated and upon the authorities cited, the partial summary judgment appealed is affirmed.
Affirmed.