380 So.2d 1088 (1980)
PARLIAMENT INSURANCE COMPANY, Appellant,
v.
Johanna J. BRYANT, Appellee.
No. 79-994.
District Court of Appeal of Florida, Third District.
February 19, 1980.
Rehearing Denied March 25, 1980.
Underwood, Gillis, Karcher, Reinert & Valle and Thomas Trompeter, Miami, for appellant.
Bailey & Dawes and Sara Sota, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
By this appeal, we address the question of whether the trial court correctly held that Parliament Insurance Company is legally responsible for damages to appellee, Bryant, by virtue of a policy of insurance with Ultra Marine Corporation. Bryant was injured in a boat accident in 1974, and the allegations included in her complaint were that the operator of the boat, an employee of the marine company, was negligent in the operation of the boat while taking Bryant on a "demonstration ride"[[1]] in an effort to sell her the boat. See Ultra Marine Corporation v. Bryant, 375 So.2d 613 (Fla. 3d DCA 1979).
The marine company's insurer, Parliament, the appellant herein, contends that there is no insurance coverage in this case; *1089 it is asserted that the subject policy was intended to cover the marine company's premises and accidents occurring thereon, only. Parliament maintains that trial court erred in entering summary final judgment against it on the issue of coverage because of the nature of the policy, the wording of the insuring clause and the specific exclusion contained in the policy (which denies coverage for the operation and use of watercraft away from the insured premises).
A review of the record, with particular attention to the policy itself, reveals that the policy is an "owner's, landlord's, and tenant's" policy. The insuring clause states in pertinent part:
"The company will pay on behalf of the insured all sums which the insured shall be legally obligated to pay as damages because of:
"A. bodily injury or
"B. property damage,
"to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance, or use of the insured premises, and all operations necessary or incidental thereto, and the company shall have the right and duty to defend a suit against the insured seeking damages on account of such bodily injury or damage ..."
The exclusionary language in the policy reads:
"This insurance does not apply:
"(d) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft, if the bodily injury or property damage occurs away from the insured premise ..."
The pivotal issue, restated, is whether the boatride, which of necessity occurred away from the insured's premises, is a covered activity under the policy. We must respond in the negative. The appellee urges that although Parliament admits that by the terms of the policy it was insuring "all operations necessary or incidental" to the business of selling boats, it is attempting to exclude coverage for accidents off the premises involving watercraft in the pursuit of the marine company's business. Appellee maintains that in order to reconcile what it deems to be conflicting provisions, the court should resolve the inconsistency in favor of the insured, and cites Matthews v. Ranger Insurance Company, 281 So.2d 345 (Fla. 1973) and American Manufacturers Mutual Insurance Company v. Horn, 353 So.2d 565 (Fla. 3d DCA 1978). However, a review of the record and applicable caselaw demonstrates that the rule that inconsistencies in insurance contracts are to be construed in favor of the insured applies only when a genuine inconsistency, uncertainty or ambiguity in meaning remains after resort to the ordinary rules of construction, and that the said rule does not allow courts to rewrite insurance contracts. See Excelsior Insurance Company v. Pamona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979). We find that the clear and unambiguous language of the exclusion clause works to provide a limitation of coverage  that is, to exclude coverage for situations where the insured was engaged in activities away from the insured's premises. It is undisputed that the accident occurred miles away from the premises; and also since it is evident that the policy we are examining is a premises liability policy, not a general liability policy, and that the very wording of the policy sets out that the premium base was the 5,000 square feet of land upon which the marine company conducted its business, we see no ambiguity. We believe that the appellee has been attempting to convert the policy from a designated premises policy to a general liability policy covering all activities related to boat sales regardless of where and how they occur. In so doing, the court would have to delete not only the exclusionary (or limitation) clause but also crucial wording used in the insuring clause. See Emmco Insurance Company v. Southern Terminal and Transportation Company, 333 So.2d 80 (Fla. 1st DCA 1976).
The remaining minor points raised by appellant regarding attorneys' fees and costs need not be reached here, in light of the views expressed above.
*1090 As a matter of law the judgment for appellee should be vacated and the cause remanded for entry of judgment for Parliament Insurance Company.
Reversed and remanded.
NOTES
[1] The issue of whether the boatride was for demonstration purposes or was actually the employee's "frolic" has been hotly disputed throughout the proceedings.