PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter a judgment for the insured Mario Perez in the amount of $40,642.00 upon a holding that: (1) the relevant provision of the marine insurance policy in question [“In the event of loss or damage, cost of repairs to be paid without deduction, new for old ... the Company shall be liable for no more than the cost of repairs or a reasonable value”] affords cost of repair insurance coverage for the insured damaged vessel, (2) the “reasonable value” term, as stated above, is nowhere defined in the policy, is entirely ambiguous to whether it refers to a reasonable value of the cost of repairs or a reasonable value of the insured vessel, and to the extent it means the latter, cannot be employed to provide less insurance coverage than cost of repair coverage, DaCosta v. General Guaranty Insurance Co. of Fla., 226 So.2d 104, 107 (Fla.1969), (3) the undisputed evidence below establishes that the cost of repairing the insured damaged vessel was $40,642.00 although the present market value of the vessel was considerably lower, so that the insured Mario Perez was entitled to the above-stated cost of repairs under the aforesaid marine insurance policy and not to the reasonable value of the entire vessel as found by the trial court below. Travelers Indemnity Co. v. Kassner, 322 So.2d 80 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 41 (Fla.1976).
Reversed and remanded.