858 So.2d 1076 (2003)
UNION AMERICAN INSURANCE COMPANY, Appellant,
v.
HAITIAN REFUGEE CENTER/SANT REFIJIE AYISYIN, INC., a Florida corporation, Solange St. Plite, as Personal Representative of the Estate of Donaldson Dona St. Plite, deceased, and on behalf of the survivors, to wit: Solange St. Plite, Dona St. Plite, Jr., Christie St. Plite, Donaldson St. Plite, Rebecca St. Plite, Diana St. Plite and Jennifer St. Plite, Appellees.
No. 3D03-50.
District Court of Appeal of Florida, Third District.
September 24, 2003.
Rehearing Denied November 7, 2003.
*1077 Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein and Douglas H. Stein, Miami, for appellant.
Freud & Schwartz and Michael J. Schwartz, Tallahassee and Stephen S. Nuell, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE, J., and NESBITT, Senior Judge.
SCHWARTZ, Chief Judge.
Union American Insurance Company appeals from a summary declaratory judgment that it provided liability coverage to its insured, the Haitian Refugee Center, Inc., for the shooting death of the plaintiff's decedent by a member of the crowd at a street rally sponsored by the Center a mile from the Center's insured headquarters. Because we find that the incident did not fall within the policy's specific endorsement limiting coverage to
"bodily injury ... arising out of [t]he ownership, maintenance or use of the premises shown in the [s]chedule and operations necessary or incidental to those premises"
the judgment below is reversed with directions to enter judgment for the carrier.
It is undisputed, although allegedly in part because of the failure of the Center to provide adequate security at the rally, that the wrongful death involved in this case occurred at a location far removed from, and in a manner unrelated to, the Center described in the policy. Compare State Auto. & Cas. Underwriters v. Beeson, 183 Colo. 284, 516 P.2d 623 *1078 (1973)(coverage provided for negligence under identical policy for owner's negligence in throwing keys from building injuring child nearby); American Guar. & Liab. Ins. Co. v. 1906 Co., 129 F.3d 802 (5th Cir.1997)(coverage provided for negligent policy decisions made at insured location as to business at different location). In these circumstances and applying the clear language of the policy as we are bound to do, we hold, in accordance with the authorities interpreting what amounts to a "designated premises policy"[1] such as this one, that there is no coverage as a matter of law. Parliament Ins. Co. v. Bryant, 380 So.2d 1088, 1089 (Fla. 3d DCA 1980)(identical clause would require court to "delete not only the exclusionary (or limitation) clause but also crucial wording used in the insurance clause")[2], cert. denied, 388 So.2d 1110 (Fla.1980); American Guarantee, 129 F.3d at 806 ("[T]he district court correctly concluded that the endorsement excluded liability for injuries arising out of the VAS operation. John Thompson's actions giving rise to the injuries all occurred at and were related solely to his use of the VAS studio."). As was said in 11 Couch on Insurance 2d section 44:379 at 551-52 (1982):
A very common form of liability insurance is the one which insures the owner, occupier, or operator of real property against liability incident to his ownership or use of the premises. Such insurance, the purpose of which is simply to protect against liability arising from the condition or use of the building as a building must be distinguished from insurance against liability arising from the nature of the enterprise or activity conducted therein. More simply stated, a building liability policy does not cover a liability arising from the insured's activity in the building.
Cf. Southeast Farms, Inc. v. Auto-Owners Ins. Co., 714 So.2d 509 (Fla. 5th DCA 1998)(coverage provided for off premises liability under similar policy only because insurer "surprising[ly]" conceded, contrary to our holding, that "incidental" meant incidental to the business of the insured).[3]
The trial judge's conclusion was based on the finding that the "event at which the decedent was killed ... was an operation necessary or incidental to the business" [e.s.] of the Center. While this may well have been true, providing coverage on this ground involves a judicial rewriting of the policy by substituting "business" for the policy word "premises." This is a process in which we may not engage. Florida Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron, 721 So.2d 825, 826 (Fla. 3d DCA 1998)("[A] court cannot rewrite an insurance contract to extend coverage beyond what is clearly set forth in the contractual language."). See also Bryant, supra.
*1079 Accordingly, we reverse for entry of judgment for the appellant.
Reversed and remanded.
NOTES
[1] Although the cover sheet of the policy refers to it as a "commercial lines policy" (a commercial general liability policy or CGL policy) the endorsement in question, which is specifically entitled, "Limitation of Coverage to Designated Premises or Project" effectively converted the policy into the equivalent of a premises or owner's, landlord's and tenant's (OL & T policy).
[2] The result in Bryant was based both on the inapplicability of the cited language and the existence of an even more specific exclusion which is not in this policy. When, however, as in the case of Bryant, there are more than one bases for the conclusion, each represents a binding holding of the court. Paterson v. Brafman, 530 So.2d 499, 501 n. 4 (Fla. 3d DCA 1988); Clemons v. Flagler Hospital, Inc., 385 So.2d 1134, 1136 n. 3 (Fla. 5th DCA 1980).
[3] It is significant, too, that, as in Bryant, the premium for the policy in this case was calculated on the basis of the square footage of the Center's insured "premises."