297 So.2d 845 (1974)
TRAVELERS INDEMNITY COMPANY, Appellant,
v.
MILGEN DEVELOPMENT, INC., Appellee.
Nos. 73-1341, 73-1520.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Rehearing Denied August 15, 1974.
Adams, George, Wood, Schulte & Thompson, and David L. Willing, Miami, for appellant.
Levine, Helman & Reckson, and Lewis W. Miles, II, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of a judgment awarding plaintiff $1,644.63 plus costs and attorneys' fees in this action for declaratory judgment.
The undisputed facts are as follows:
Plaintiff-appellee, Milgen Development, Inc., was engaged in the construction of apartment buildings and was insured under an apartment owners-builders risk policy *846 issued by the defendant-appellant, the Travelers Indemnity Company. Attached thereto was a building under construction endorsement which provides in part:

 "The Travelers (Package Policies)
 "Building Under Construction Endorsement
 "(Applicable to Section 1)
 "Amending Policy No. ND 8936233
 "(... .)
 "Purpose of
 Use When
 Completed
 "APTS
 "(... .)
 "DESCRIPTION OF PROPERTY INSURED
 "Coverage A  Insurance under this endorsement applies to:
 "(a) the building described in the declarations of this endorsement, while
 in the course of construction, including foundations, additions,
 attachments, and all permanent fixtures, belonging to and
 constituting a part of such building:
 "(b) temporary structures, materials, equipment, and supplies incidental
 to the construction of such building; and
 "(c) builders' machinery, tools, and equipment, owned by the Insured or
 for which the Insured is legally liable; all while on the premises of
 such building or within 100 feet thereof. [Emphasis supplied]
 "(Continued on Page 2)
 "ND 140
 "(... .)
 "EXCLUSIONS
 "The Travelers shall not be liable under this endorsement:
 "(a) for loss by theft, except burglary of property which is an integral
 part of a building at the time of loss;
 * * * * * * * * * * * *
 "SPECIAL PROVISIONS APPLICABLE TO SECTION 1
 "The Standard Form attached to the policy is amended as indicated below.
 "(... .)
 "2. Perils Insured Against: Under the sub-section `Perils Insured
 Against', the following peril is added:
 "10. Burglary, including damage to an insured building and to insured
 property therein by burglary or attempted thereat, but excluding loss
 if such building had been vacant beyond a period of 30 consecutive
 days immediately preceding the loss."
 * * * * * * * * * * * *

*847 On May 30, 1971, while the above policy was in effect, one of the buildings still under construction was burglarized and the following items, which were stored in packing cartons in an apartment then being used for storage, were removed: 22 range hoods, 16 chandeliers, 27 fluorescent lights and ten pairs of drapes. In addition, several window frames were damaged and two fire extinguishers were stolen during the course of the unauthorized entry. Defendant insurer denied coverage because of certain exclusions in the policy, to wit: (1) excluding coverage for property not an integral part of a building, and (2) excluding loss if a building had been vacant beyond a period of 30 consecutive days. Thereupon, plaintiff filed the instant action for a declaratory judgment. After a non-jury trial, the court awarded judgment in favor of plaintiff in the sum of $1,644.63 and, thereafter, awarded plaintiff-appellee $30 in costs and $750 in attorneys' fees. Defendant insurer appeals therefrom.
Defendant-appellant contends the court erred in holding that the insurance policy covered the loss of property, all of which was in a building which had been vacant beyond a period of 30 consecutive days immediately preceding the loss, and some of which was not affixed to the building at the time of the loss, when the insurance policy expressly provided that such losses were not covered. We cannot agree.
Like other contracts, contracts of insurance should receive a construction that is practical and reasonable as well as just. If one interpretation, viewed with the other provisions of the contract and its general object and scope, would lead to an absurd conclusion, that interpretation must be abandoned and one more consistent with reason and probability adopted. 18 Fla. Jur. Insurance § 404 (1971).
Reviewing the subject insurance contract in light of the above principles, we find appellant's argument, that the building was vacant for a period in excess of 30 consecutive days and thus coverage under the policy is excluded thereby, to be an unreasonable interpretation thereunder as the building itself still was under construction at the time of the burglary and the special endorsement attached to the insurance policy was for the express purpose of providing insurance for such loss while the subject buildings were under construction. Clearly this vacancy argument is without merit under the instant circumstance.
We next turned our consideration to appellant insurer's contention that the property removed such as range hoods, chandeliers, fluorescent lights, etc. was not affixed to the building and thus excluded from coverage by virtue of that provision of the insurance policy which excludes therefrom liability for property which is not an integral part of the building.
Upon a close reading of the building under construction endorsement, we find that the description of property insured specifically covers material, equipment and supplies incidental to the construction of the building such as the items listed above.
Accordingly, the judgments herein appealed are hereby affirmed.
Affirmed.