341 So.2d 220 (1976)
NATIONAL CHIROPRACTIC INSURANCE COMPANY, Appellant,
v.
James J. PARSONS, D.C., et al., Appellees.
No. 75-1962.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, and Robert J. Asti, Coral Gables, for appellant.
Abrams & Abrams, Miami, William C. Lewis, Coral Gables, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The National Chiropractic Insurance Company insured the Chiropractic Arts Corporation *221 against liability for malpractice. The trial court decided the issue of coverage against the insurance company and this appeal is from that judgment. We affirm.
At the time of the issuance of the policy, the Chiropractic Arts Corporation had three practicing chiropractors: Doctors Ross, May and Parsons. Doctors Ross and May were admitted to practice in Florida; Dr. Parsons was not. At the time of the application for insurance, Ross and May applied for a personal liability policy; Parsons did not. Thereafter, the insurance company informed Parsons that in order for him to be personally covered it would be necessary for him to apply for insurance and such an application was accepted although Parsons failed to pay the entire first premium payment. National Chiropractic Insurance Co. issued a policy endorsement upon Ross's policy which stated:
* * * * * *
"Coverage A(1)  Individual Professional Liability

injury arising out of the rendering of or failure to render, during the policy period, professional services by the individual insured, or by any person for whose acts or omissions such insured is legally responsible, except as a member of a partnership or association or a stockholder of a corporation, performed in the practice of the individual insured's profession as a chiropractor,"
"Coverage A(2)  Partnership, Association, or Corporation Professional Liability injury arising out of the rendering of or failure to render, during the policy period, professional services in the practice of the chiropractic profession by any person for whose acts or omissions the partnership, association or corporation insured is legally responsible."
* * * * * *
The endorsement had attached to it a page entitled "Declarations" which did not list Parsons as a chiropractor, as a member of, or employed by, the corporation. At the time of the delivery of the endorsement, the insurance company sent a letter which stated:
"Dear Dr. May:
Please note we have not included Dr. James J. Parsons on the corporation rider. We did not receive his application for membership and insurance.
If we can be of further service, please do not hesitate to contact our office."
Even though this letter and the delivery of the endorsement occurred on May 21, 1974, the endorsement gave April 1, 1974, as its applicable date for beginning coverage.
The Chiropractic Arts Corporation has been sued for the alleged malpractice of Parsons as an employee. The date of the injury is alleged to be May 17, 1974. The trial judge held the corporate endorsement covered the liability of Chiropractic Arts Corporation. This appeal is from that judgment.
The appellant insurance company argues that there was no coverage for Parsons's acts because (1) Parsons never procured coverage for himself and never joined the American Chiropractic Association, and (2) the endorsement was a material variation of the terms of the application. Considering the first proposed bar, we find nothing in the record to support the contention that the corporate coverage would be ineffective as to "... any person for whose acts or omissions the partnership, association or corporation insured is legally responsible," if that person had not procured coverage for himself or was not a member of the American Chiropractic Association. We, therefore, find no error on this point.
The second proposed bar to coverage says, in effect, that the insurance company did not intend to cover the corporate liability for Parsons's acts and that the letter accompanying the policy clearly indicated that intention. It is, thereupon, argued that the acceptance of the policy with that understanding shows an agreement that corporate liability for Parsons's acts was not covered. We reject the proposition that the expressed provisions of an insurance policy may be changed or amended by *222 an accompanying letter. Where unambiguous, the meaning accorded a contract of insurance, like any other contract (see 18 Fla.Jur. "Insurance" § 400), should be limited to its expressed provisions. See Aetna Casualty & Surety Company v. Hanna, 224 F.2d 499, 503 (5th Cir.1955); and Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934).
Affirmed.