346 So.2d 632 (1977)
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,
v.
T. Lamar HAZEN, Jr., Mary C. Arthur, Harrison E. Murchison, D/B/a "It Bar," Merrick Vaughn, and Howard J. Maxey, As Executor of the Estate of Melba Ellis Maxey for the Use and Benefit of Howard J. Maxey, Appellees.
No. 76-1539.
District Court of Appeal of Florida, Second District.
June 1, 1977.
*633 William M. Schneikart of Miller & McKendree, Tampa, for appellant.
Wayne C. Hall of Strode, Hereford & Taylor, Sarasota, for appellee, Harrison E. Murchison, d/b/a "IT BAR."
SCHEB, Judge.
In this interlocutory appeal the appellant insurer, USF&G, challenges a partial summary judgment entered in favor of its insured, Murchison. The issue here is whether USF&G's policy provided coverage for defense of a suit filed against appellee Murchison, d/b/a IT BAR. The circuit court held the policy provided coverage. We disagree and reverse.
The posture of this litigation is somewhat complicated. Harrison E. Murchison and his wife owned and operated the "IT BAR" in Manatee County. Howard Maxey brought suit against Murchison and his insurer, USF&G. Maxey alleged that Murchison had served alcoholic beverages to an obviously intoxicated person, Chris Cushman; that Cushman subsequently caused the death of Mr. Maxey's wife, Melba Maxey, in an automobile accident. The trial court granted summary judgment in favor of Murchison and USF&G. Maxey appealed, and this court affirmed per curiam without opinion. Maxey v. USF&G (Fla.2d DCA 1977), Case Nos. 76-1317 and 76-1465, Opinion filed May 27, 1977.
Now to retrogress for a moment. When Maxey brought suit, Murchison demanded that USF&G defend him under the comprehensive liability policy it had issued to him and his wife for the IT BAR. USF&G refused to do so, citing the following exclusionary language of the policy:
This insurance does not apply:
(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) As a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above.
Murchison then retained counsel and filed a cross-claim against USF&G. He sought indemnity for any judgment against him, as well as attorney's fees necessitated by USF&G's alleged breach of its duty to defend him.
Both Murchison and USF&G moved for summary judgment. The trial court awarded Murchison a partial summary judgment, holding in effect that Murchison did have coverage under the USF&G policy. This interlocutory appeal by USF&G ensued.
In entering its partial summary judgment, the trial judge did not detail his conclusions of law. However, appellee Murchison attempts to sustain the trial court's judgment on the basis that the exclusionary provisions of the policy, quoted above, were ambiguous.
Murchison points to the fact that he was sued as both owner and operator of the IT BAR. He argues that the insurance policy was ambiguous as it related to him for two reasons. First, as the bar operator he purchased a general liability policy, yet the language in (h)(1) excluded coverage for injuries arising out of bar-related activities is at variance with the basic purpose of the comprehensive liability coverage he obtained. Second, that from reading the last sentence of exclusion (h), which states:

*634 ... but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;
the average person would conclude that an owner, such as himself, engaged in selling and serving alcoholic beverages would be exempt from the exclusion in (h)(2)(ii).
Further, Murchison claims that even if USF&G had no duty to indemnify him for his losses, it had a duty to defend him. Murchison points out that Maxey sued him in whatever capacity he acted in doing business as the IT BAR, not just in his capacity as the operator. Therefore, on the face of the complaint, he was entitled to be defended as the owner.
We recognize the well established principle that ambiguities in an insurance policy should be resolved against the insurer who prepared it in order to construe the policy as providing for coverage. See, e.g., Rowland v. National States Ins. Co., 295 So.2d 335 (Fla.1st DCA 1974). Of equal dignity, however, is the principle of law which holds that the policy should receive a reasonable, practical, and sensible interpretation consistent with the interest of the parties. General Accident Fire & Life Assurance Corp. v. Liberty Mutual Ins. Co., 260 So.2d 249 (Fla.4th DCA 1972).
We reject Murchison's first contention. The exclusion in (h)(1) is clear and unambiguous, and it is the court's duty to give effect to it. See Midwest Mutual Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973). Murchison's second point merits some discussion. The allegations of plaintiff Maxey's complaint do allude to Murchison's ownership and operation of the bar; however, the gravamen of the complaint is the negligence alleged against Murchison in selling intoxicating beverages to a person already intoxicated. In Reserve Ins. Co. v. Kerr, 44 Cal. App.3d 569, 118 Cal. Rptr. 758 (1975), the court considered an exclusion similar to the one involved herein with the exception of the final portion quoted above. There the court opined that the provision excluded coverage where the owner-operator of a tavern is liable by reason of serving alcoholic beverages to an intoxicated person.
We think this construction makes sense. In our opinion the additional language found in the policy here under consideration does not affect the meaning of the exclusionary language in this situation. We construe the exclusionary provision to exclude liability coverage for one engaged in selling or serving alcoholic beverages, and to exclude coverage as well to an owner or lessor who does not participate in such a business, with one exception: an owner or lessor who does not participate in the business but is held liable for selling alcohol to a minor or one obviously intoxicated. Since Murchison did participate in the business, he cannot avail himself of the "exception to the exception" found at the end of (h)(2). Though the exclusionary language is inartful, in our opinion it is not ambiguous. Assuming, arguendo, an ambiguity in (h)(2), this would be of no benefit to Murchison who as a bar operator fits within the provisions of (h)(1).
In view of our decision affirming the summary judgment in favor of Murchison and USF&G on the issue of liability, it is unnecessary to reach the issue of USF&G's duty to indemnify Murchison for damages collected by Maxey. The duty of the insurer to indemnify is ordinarily based upon facts established at trial. Here, by virtue of the summary judgments entered below and affirmed by this court, it has been determined that there is no liability on the part of Murchison for damages.
Accordingly, the summary judgment entered in favor of Murchison, d/b/a IT BAR, against USF&G is vacated and the trial court is directed to enter summary judgment in favor of USF&G against Murchison.
BOARDMAN, C.J., and OTT, J., concur.