347 So.2d 136 (1977)
POMONA PARK BAR AND PACKAGE STORE, Appellant,
v.
EXCELSIOR INSURANCE COMPANY, Appellee.
No. DD-345.
District Court of Appeal of Florida, First District.
June 15, 1977.
Rehearing Denied July 15, 1977.
William L. Townsend, Jr. of Walton & Townsend, Palatka, for appellant.
Jackson Bryan, Palatka, Carl M. Mathison, Jr., Palm Beach, A. Craig Cameron, C. Chobee Ebbets, and Cliff B. Gosney, Jr. of Gosney, Cameron & Parsons, Daytona Beach, Robert Wilhelm, Jacksonville Beach, James L. Padgett, Jr., Crescent City, for appellee.
ERVIN, Judge.
This appeal involves a liability insurance coverage question. Pomona Park Bar and Package Store was sued by Steven J. Miller, a minor, and Margaret Miller, his mother, who allege that Pomona Park negligently sold alcoholic beverages to Steven Miller and proximately caused the accident in which the 16-year old was injured. Excelsior Insurance Company initially undertook *137 defense on behalf of Pomona Park, but moved to withdraw as counsel and sought summary judgment based on an exclusionary clause in the insurance policy. That exclusionary clause applies:
"(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;"
The trial judge granted Excelsior's motion for summary judgment, finding the exclusionary clause above is not conflicting or ambiguous. The court expressly found it could not rewrite the parties' entire contract. We reverse.
Clause (h)(1) excludes coverage for any bodily injury for which Pomona Park may be held liable while engaged in the business of selling and serving alcoholic beverages. Since it is undisputed that such is Pomona Park's sole business, it has no premises liability coverage for any occurrence at all. This despite the fact Pomona Park has paid yearly premiums to Excelsior.
The above exclusionary clause is irreconcilable with another part of the policy:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
Coverage A. Bodily injury or
Coverage B. Property damage
to which this insurance applies caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto ..."
The policy gives on one hand and takes away on the other. In such circumstances, where clauses are hopelessly irreconcilable and inconsistent with each other, courts have adopted the construction providing the most coverage. Oliver v. United States Fidelity and Guaranty Company, 309 So.2d 237 (Fla. 2nd DCA 1975). It is well settled that ambiguities in an insurance policy are to be construed against the insurer. Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla. 1973). Since the underlying intent of this policy is clearly to provide premises liability coverage to Pomona Park, we feel constrained to delete clause (h) and find Excelsior Insurance Company must provide both coverage and a defense to Pomona Park in this cause.
Reversed and remanded for further proceedings not inconsistent herewith.
BOYER, C.J., and MILLS, J., concur.