369 So.2d 938 (1979)
EXCELSIOR INSURANCE COMPANY, Petitioner,
v.
POMONA PARK BAR & PACKAGE STORE, Respondent.
No. 52195.
Supreme Court of Florida.
March 8, 1979.
Rehearing Denied May 4, 1979.
*939 Cliff B. Gosney, Jr. and J. Walsh of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for petitioner.
William L. Townsend, Jr. and William E. Butler of Walton & Townsend, Palatka, for respondent.
Joseph C. Jacobs and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for American Ins. Association, amicus curiae.
ADKINS, Justice.
This cause is before the Court on petition for writ of certiorari to review the decision of the First District Court of Appeal in Pomona Park Bar & Package Store v. Excelsior Insurance Co., 347 So.2d 136 (Fla.1st DCA 1977), which directly conflicts with United States Fidelity and Guaranty Co. v. Hazen, 346 So.2d 632 (Fla.2d DCA 1977). In those decisions the district courts of appeal construed identical language in separate insurance contracts but reached contrary conclusions as to its legal effect. We have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution. See Gibson v. Maloney, 231 So.2d 823 (Fla. 1970); Griffin v. Speidel, 179 So.2d 569 (Fla. 1965). The respondent's motion to discharge the writ as improvidently granted is denied.
*940 Respondent Pomona Park Bar & Package Store and its insurer (Excelsior Insurance Company) were named as defendants along with two convenience stores and their insurers in a suit filed by a minor and his mother. The complaint alleged that in violation of Florida law, Pomona Park and the two other stores had sold alcoholic beverages to the minor and his two minor-age companions, proximately resulting in an automobile accident in which the minor-age plaintiff was seriously injured. Excelsior initially responded for itself and Pomona Park. But Excelsior later moved to withdraw as counsel for Pomona Park and for summary judgment on its own behalf, contending that its insurance contract with Pomona Park specifically excluded coverage for injuries resulting from sale of alcoholic beverages in violation of statute.
The trial judge seems to have understood exclusion (1) of paragraph (h) of the insurance policy (discussed below) as entirely excluding Pomona Park from coverage because it was engaged in the business of selling and serving alcoholic beverages. The motions to withdraw as counsel and for summary judgment were granted. Excelsior was thus relieved of liability and of its parallel contractual obligation to defend Pomona Park.
The First District Court of Appeal reversed. The court interpreted exclusion (h)(1) of the policy as excluding coverage for any bodily injury for which Pomona Park might be held liable while engaged in the business of selling alcoholic beverages. Since that was Pomona Park's business, the court regarded the exclusion as irreconcilable with the general provision of the contract for coverage to the insured. Confronted by a seeming inconsistency based on an assumption that the exclusion is all-encompassing, the court construed the contract in favor of the insured by deleting paragraph (h) and ordered Excelsior to provide coverage and a defense to Pomona Park.
In United States Fidelity and Guaranty Co. v. Hazen, supra, the Second District Court of Appeal apparently also construed exclusion (h)(1) in an identical policy as completely eliminating a nominally insured bar operator from coverage. The court therefore found in favor of the insurer against a claim by the insured for indemnification for alleged liability for an intoxicated patron's injuries.
Thus we are confronted by essentially similar interpretations of paragraph (h) by a trial court and two appellate courts which nevertheless made conflicting decisions.
The insurance contract in question requires Excelsior to pay (within the dollar limits of the policy) all sums which the insured becomes legally obligated to pay for bodily injury or property damage. It also states that Excelsior has a right and a duty to defend Pomona Park. There are a series of exclusions, however. The paragraph containing the disputed exclusion reads as follows:
"(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; but part
(ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;"
Excelsior contends the exclusions in paragraph (h) apply when: the insured is either engaged in the business of manufacturing, distributing, selling, or serving alcohol, or owns or leases the premises upon which such activity is conducted; and the insured *941 violates a statute, ordinance, or regulation pertaining to liquor sales or distribution, or transfers liquor to a minor, an intoxicated person, or to one who is thereby rendered intoxicated; and such an act is the proximate cause of the plaintiff's injuries or damages. Excelsior concludes that an owner or lessor is covered when he has not violated an alcoholic beverage statute, ordinance, or regulation, and a bar or package store operator is covered even when he has violated such a law but the injuries or damages were not proximately caused by the violation. The policy therefore covers, for example, injuries to a minor who tripped on loose flooring and fell through a plate glass window at the package store after having been illegally sold a bottle of liquor by the insured.
Respondent Pomona Park argues that exclusions (h)(1) and (h)(2) are disjoined and the qualifying clauses (i) and (ii) do not apply to those described in (h)(1), that is, to those "engaged in the business" of making, distributing, selling or serving alcoholic beverages. Under that interpretation, since Pomona Park is a package store it is entirely excluded from coverage. Even when an injury had no connection with liquor sales, Pomona Park believes it would still be denied coverage because it is in the business which is excluded. Pomona Park concludes that exclusion (h)(1) is repugnant and should be deleted because it converts the insurance policy into a device for channeling premiums to Excelsior without creating a corresponding duty to provide coverage.
Pomona Park also urges that if the Department of Insurance does not disapprove an insurance policy form which is defective under Section 627.411, Florida Statutes (1977), then Section 627.418, Florida Statutes (1977), requires the courts to extend coverage so as to protect policy holders against the defect. Pomona Park asserts that the contract is inconsistent and that we must therefore extend coverage.
Our understanding of paragraph (h) is that it sets out two categories of persons excluded from coverage: (h)(1), those actively "engaged in the business" and (h)(2), owners and lessors of the premises such business is conducted upon. But the two qualifying clauses limit the scope of the exclusion "if such liability is imposed", (i) because of a violation of an alcoholic beverage law or (ii), by reason of the dispensing of an alcoholic beverage to a minor or an intoxicated person.
Pomona Park's argument is misconceived in focusing exclusively on exclusion (h)(1) and representing that it completely eliminates bar operators from coverage. Rather, the provisions of paragraph (h) should be construed together. See generally King v. Sturge, 113 So.2d 257 (Fla.3d DCA 1959); New Amsterdam Casualty Company v. Addison, 169 So.2d 877 (Fla.2d DCA 1964); Government Employees Insurance Company v. Sweet, 186 So.2d 95 (4th DCA 1966). Every provision in a contract should be given meaning and effect and apparent inconsistencies reconciled if possible. Royal American Realty, Inc. v. Bank of Palm Beach and Trust Company, 215 So.2d 336 (Fla.4th DCA 1968); Transport Rental Systems, Inc. v. Hertz Corp., 129 So.2d 454 (Fla.3d DCA 1961). The construction advanced by Excelsior follows this guideline.
Other applicable rules of construction also bear against Pomona Park and support our interpretation of the policy. A reasonable interpretation of a contract is preferred to an unreasonable one. James v. Gulf Life Insurance Co., 66 So.2d 62 (Fla. 1953); Travelers Indemnity Co. v. Milgen Development, Inc., 297 So.2d 845 (Fla.3d DCA 1974). And in the belief that the parties intended their agreement to be valid, a contract ought not be readily interpreted as ineffective. Corbin on Contracts, Section 546 (1960); Foster v. Jones, 349 So.2d 795 (Fla.2d DCA 1977). Under the view of paragraph (h) adopted by the District Court of Appeal and Pomona Park, the contract is void as written because the contested exclusion nullifies Excelsior's general obligation to provide coverage to Pomona Park, which is engaged in the alcoholic beverages business. Such an interpretation is unreasonable when compared to the alternative *942 and also affronts the rule which prefers that contracts be construed as valid.
Neither does it avail Pomona Park that ambiguities and inconsistencies in a contract are to be interpreted against the draftsman or, as started in the context of insurance law, construed in favor of the insured. There are important qualifications to the rule that prohibit its application here. Only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction is the rule apposite. Boston Insurance Co. v. Smith, 149 So.2d 68 (Fla.1st DCA 1963); Beasley v. Wolf, 151 So.2d 679 (Fla.3d DCA 1963). It does not allow courts to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties. See, e.g., Rigel v. National Casualty Company, 76 So.2d 285 (Fla. 1954); United States Fire Insurance Co. v. Morejon, 338 So.2d 223 (Fla.3d DCA 1976). Moreover, even were we to find that the policy is ambiguous, that is susceptible of both Pomona Park's and Excelsior's interpretations, we would still have to prefer Excelsior's interpretation because it maintains the widest range of coverage and is therefore actually the more favorable to the insured.
No deception or misrepresentation is involved here and we do not doubt that we give true effect to the intentions of the parties, which is the central concern of the law of contracts even in the realm of insurance where there are unique public policy considerations. We gather that Excelsior phrased the exclusions in the unwieldy terms of status not to confuse or mislead but to distinguish unmistakably between those who are engaged in the business of selling alcoholic beverages and those who are simply owners or lessors of the premises upon which such business is conducted. Generally, in American jurisdictions the respective legal duties and potential liabilities vary according to that distinction. See 45 Am.Jur.2d Intoxicating Liquors, Section 587 (1960). In Florida, even without a "dram shop act", sale of alcohol to a minor is a violation of statute and is negligence per se. Section 562.11, Florida Statutes (1977); Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963). The exclusions under review here deny coverage for liability based on acts that violated an alcoholic beverage law or otherwise transgressed certain civil special law duties of those "engaged in the business."
Pomona Park has also asserted that Excelsior's policy form violates Section 627.411, Florida Statutes (1977) and that Section 627.418, Florida Statutes (1977) requires us to construe the policy so that it conforms to the standards of the former statute. That argument is without merit. Section 627.418 is designed to guarantee that the courts not bar coverage to policy holders because their contracts contain a condition or provision which violates the insurance code. Section 627.411 requires the Department of Insurance to disapprove inconsistent, ambiguous, misleading, illegible, or deceptive insurance forms and sets additional standards for disability insurance. We do not view the policy form in issue here as violative of Section 627.411. Neither does Section 627.418 invite free-wheeling judicial revision of insurance contracts that might be considered defective under Section 627.411. Cf. Section 627.419(1) Fla. Stat. (1977). ("Every insurance contract shall be construed according to the entirety of its terms and conditions . .").
Even if for the wrong reasons, the decision of the trial court in this case and the District Court of Appeal in United States Fidelity and Guaranty Co. v. Hazen, supra, were in conformity with our views while the decision of the District Court of Appeal in this case conflicts with our views. The facts alleged in the instant complaint come within the exclusion in paragraph (h) of Pomona Park's insurance policy with Excelsior. Therefore, the District Court of Appeal's decision is quashed and the cause remanded with instructions that the trial court's summary judgment in favor of Excelsior be reinstated. Excelsior is also free of any obligation to defend Pomona Park *943 against the allegations of the instant lawsuit.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and HATCHETT, JJ., concur.