396 So.2d 728 (1981)
DENMAN RUBBER MANUFACTURING COMPANY, and Admiral Insurance Company, Appellants,
v.
WORLD TIRE CORPORATION, Appellee.
No. 80-686.
District Court of Appeal of Florida, Fifth District.
March 11, 1981.
Rehearing Denied April 7, 1981.
*729 Frank Marriott, Jr., of Cameron, Marriott, Walsh & Hodges, P.A., Daytona Beach, for appellants.
Sutton G. Hilyard, Jr., of Pitts, Eubank & Ross, P.A., Orlando, for appellee.
DAUKSCH, Chief Judge.
This is an appeal of a final judgment which adjudged World Tire Corporation to be entitled to indemnity. This adjudication was based upon the trial court's finding that an exclusion clause of insurance policy was ambiguous. We hold that there was no ambiguity in this exclusion clause and reverse.
The parties stipulated that: Denman Rubber Manufacturing Company sold tires to World Tire Company which World Tire in turn sold to retailers. While an employee of one of these retailers was mounting one of these tires, it exploded causing injuries to this employee. This employee then instituted suit against World Tire and Denman, and Denman admitted it had an insurance policy in effect at the time of this accident.
Denman's insurance policy contained an endorsement stating that the "Persons Insured" by the policy included all vendors of Denman's products. Since World Tire was the vendor of Denman's tire which had exploded, World Tire cross-claimed for indemnity under this insurance policy. Denman and its insurer denied that this policy provided indemnity because of an exclusion clause, which read:
The insurance with respect to the vendor does not apply to ... bodily injury or property damage arising out of ... demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the products... .
The trial court found that the exclusion failed to explicitly specify or differentiate between the vendor and other persons doing operations away from the vendor's premises, thus causing the exclusion to be ambiguous. The trial court construed the exclusion to mean that only when the vendor itself performed the "demonstration, installation, servicing or repair operations" away from its premises would the exclusion apply to deny indemnity coverage. This interpretation meant that when the vendor performed the installation operations away from its premises it would not be covered, yet a third party performing these installation operations away from the vendor's premises would be covered.
This is not a reasonable interpretation of this exclusion. An insurance policy should receive a reasonable, practical and sensible interpretation. U.S. Fidelity & Guarantee Co. v. Hazen, 346 So.2d 632 (Fla. 2d DCA 1977). See also Excelsior Ins. Co v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979). Although ambiguities should be construed against an insurer, this only applies when there exists "a genuine inconsistency, uncertainty, or ambiguity in meaning after resort to the ordinary rules of construction... ." Id. at 942. See also Parliament Ins. Co. v. Bryant, 380 So.2d 1088 (Fla. 3d DCA 1980). If terms of an *730 insurance policy can be susceptible to two interpretations, then an interpretation providing indemnity must prevail. Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979). However, the court should consider the entire contract rather than just an isolated sentence when resolving a question of coverage. James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953); Ellenwood.
The endorsement in Denman's policy provided insurance coverage to a vendor by bringing it within the class of "Persons Insured." Excluded from coverage were injuries arising from the demonstration, installation, servicing or repair operations performed somewhere other than the vendor's own premises. This exception is clear; for situations where the vendor's premises are not used for the installation or servicing operations, the exclusion denies coverage. Since the employee in the instant case was not injured on the vendor's premises, there is no liability under Denman's insurance policy.
The final judgment is reversed and the issue is remanded to the trial court.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.