410 So.2d 1373 (1982)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
ROOD INVESTMENTS, INC., Appellee.
No. 81-690.
District Court of Appeal of Florida, Fifth District.
March 17, 1982.
John S. McEwan, II of Sanders, McEwan, Mims & McDonald, Orlando, for appellant.
Harvey B. Hardy, Jr. of Clark & Hardy, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
United States Fidelity and Guaranty Company appeals from a judgment declaring that its insured, Rood Investments, is covered under a policy issued by the company. We AFFIRM.
In December, 1976, a local hospital sent its linens to be washed and ironed at a laundry operated by Rood. After the linens were washed and dried, they were fed into a mechanical ironer. The ironer consisted of rollers which contained a series of steel wood pads covered by fabric. While the hospital's laundry was being ironed, it became *1374 impregnated with steel wool particles. The fabric covers on the roller had apparently worn out allowing the steel wool particles to come in contact with the linen.
At the time this damage occurred, United States Fidelity and Guaranty had issued an insurance policy to the laundry. The policy included a Bailees' Customers Policy and Dry Cleaning Endorsement which contained the following provision:
THIS POLICY INSURES AGAINST:
6. All risks of direct physical loss or damage to the insured property from any external cause except as hereinafter provided.
THIS POLICY DOES NOT INSURE AGAINST:
7. (a) LOSS or damage occasioned by wear, tear, gradual deterioration, insect, vermin or inherent vice; or by processing or any work upon the property unless caused by fire or explosion and then only for loss or damage caused by such ensuing fire or explosion. (emphasis added)
The hospital filed suit against, among others, Rood and United States Fidelity and Guaranty. After settling the suit with the hospital, Rood filed a third party complaint and sued, among others, United States Fidelity and Guaranty in a declaratory judgment action to determine whether the insurance policy covered the loss. The trial judge concluded that the exclusionary language of the policy was not ambiguous and that the loss occurred "during processing" rather than "by processing" thereby affording Rood coverage for the loss.
The central concern of the law of contracts is to give effect to the intentions of the parties, even in the realm of insurance where there are unique public policy considerations. Excelsior Ins. Company v. Pomona Park Bar & Package, 369 So.2d 938 (Fla. 1979). Every provision in a contract should be given meaning and effect and apparent inconsistencies reconciled if possible. Haenal v. United States Fidelity & Guaranty Company, 88 So.2d 888 (Fla. 1956); Royal American Realty, Inc. v. Bank of Palm Beach & Trust Company, 215 So.2d 336 (Fla. 4th DCA 1968). Terms should be given their common meaning and only when there is a genuine inconsistency, uncertainty, or ambiguity should terms or provisions be construed in favor of the insured. Excelsior Ins. Company v. Pomona Park Bar & Package, 369 So.2d at 942; Fontainebleau Hotel Corporation v. United Filigree Corporation, 298 So.2d 455 (Fla. 3d DCA 1974). However, this rule of construction does not allow courts to rewrite contracts, add meaning that is not present or otherwise reach results contrary to the intentions of the parties. Excelsior Ins. Company v. Pomona Park Bar & Package, 369 So.2d at 942.
We agree with the trial court's conclusion that the exclusionary language is not ambiguous and that the phrase "by processing" refers to the process itself. Here, the linens were not damaged by the processing procedure itself but rather by the deterioration of the steel wool pads which took place during processing. If we were to accept the construction of the phrase "by processing" as argued by United States Fidelity and Guaranty, then almost all damage likely to occur in the laundry would be excluded. Such an extremely broad exclusion from coverage does not comport with the reasonable intentions of the parties.
We also reject United States Fidelity and Guaranty's contention that the trial court failed to consider the first part of paragraph 7(a) which excludes "Loss or damage occasioned by wear, tear, gradual deterioration... ." Even assuming that this issue was properly raised in the pleadings and at trial, United States Fidelity and Guaranty is not entitled to relief. Paragraph 2 of the Bailees' Endorsement indicates that coverage extends to "all kinds of lawful goods and articles accepted by the named insured ... for laundering, cleaning ..., the property of the insured's customers while contained in the premises hereinafter described... ."
*1375 Here the "lawful goods and articles" were the hospital linens which were not damaged by their own wear, tear or gradual deterioration. Rather the linens were damaged by steel wool particles imbedded in the fabric during the ironing phase. While the fabric covering the steel wool pads apparently was subjected to gradual deterioration, this item is not covered by the Bailees' Endorsement.
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.