548 So.2d 1159 (1989)
ST. PAUL GUARDIAN INSURANCE COMPANY, Appellant,
v.
The CANTERBURY SCHOOL OF FLORIDA, INC., Appellee.
No. 88-01036.
District Court of Appeal of Florida, Second District.
August 11, 1989.
Rehearing Denied September 18, 1989.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, St. Petersburg, for appellant.
Richard W. Nelson of Harris, Barrett, Mann & Dew, St. Petersburg, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, St. Paul Guardian Insurance Company (St. Paul), challenges a summary judgment entered in favor of the appellee, The Canterbury School of Florida, Inc. (Canterbury). We find that the trial court erred by finding that St. Paul's insurance policy was ambiguous and entering judgment for Canterbury and, accordingly, reverse.
This case involves a trustee and personnel liability insurance policy issued to Canterbury by St. Paul. During the policy period, a parent of one of Canterbury's students filed a negligence action against the school. After St. Paul claimed that Canterbury was not covered under the policy and refused a request to defend the action, Canterbury filed the instant lawsuit seeking declaratory relief. At the conclusion of a hearing on Canterbury's motion for summary judgment, the trial court held that there was no genuine issue of material fact, that the insurance contract was ambiguous, and that Canterbury was entitled to a summary judgment as a matter of law. St. Paul filed a timely notice of appeal from the subsequently entered final summary judgment.
While the case law is clear that ambiguities must be construed against the insurer so as to find coverage, it is also clear that this rule applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to *1160 the ordinary rules of construction; it does not allow courts to rewrite a contract, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties. Marriott Corp. v. Travelers Indem. Co., 473 So.2d 281 (Fla. 1st DCA 1985). See also Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979); Southeastern Fidelity Ins. Co. v. Suwannee Lumber Mfg. Co., 411 So.2d 950 (Fla. 1st DCA 1982); National Chiropractic Ins. Co. v. Parsons, 341 So.2d 220 (Fla. 3d DCA 1976); United States Fidelity & Guaranty Co. v. Rood Invs., Inc., 410 So.2d 1373 (Fla. 5th DCA 1982). Application of the ordinary rules of contract construction to the insurance policy at issue reveal that it is unambiguous and, therefore, the trial court erred in construing the provisions of the policy against the insurer.
The policy itself is entitled "TRUSTEE AND PERSONNEL LIABILITY POLICY" and the following information is listed on the declaration page:
Item 1. Insured's Name and address
The Canterbury School of Florida, Inc. P.O. Box 33006 St. Petersburg, Florida 33733
The trial court apparently found the foregoing declaration to be inconsistent with the following provision of the policy:
II. DEFINITIONS
A. The word "Insured" shall mean all persons who were, now are or shall be elected or appointed members of the Board of Trustees or School Directors of the School and shall also include all persons, who were now are or shall be employees of the School, including student teachers, or volunteer workers. This Policy shall also cover (a) claims made against the estates, heirs, legal representatives or assigns of deceased insureds who were Insureds at the time of the acts upon which the claims are based were committed (b) the legal representatives or assigns of the Insureds in the event of their incompetency, insolvency or bankruptcy.
If Item 1 of the declarations and section IIA of the policy are read in isolation, it might be reasonable to contend that an ambiguity exists as to whether the school is considered to be an "insured" under the policy. An isolated provision of an insurance policy, however, cannot be considered as determinative on the issue of coverage. Rather, the "insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto." § 627.419(1), Fla. Stat. (1987). See Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979); General Accident Fire & Life Assurance Corp. v. Liberty Mut. Ins. Co., 260 So.2d 249 (Fla. 4th DCA 1972). See also Treasure Salvors, Inc. v. Tilley, 534 So.2d 834 (Fla. 2d DCA 1988) (in construing a contract court must look to entire document, give effect to every provision, and reconcile apparent inconsistencies if possible).
The fact that the school is called the insured in the declaration page does not make it an insured for all purposes. The party who grants the insurance, St. Paul, is called the insurer, and the second party to such a contract, the school, is termed the insured. 43 Am.Jur.2d Insurance § 189. The school bought and paid premiums for a trustee and personnel liability policy. Additionally, Condition 11 of the policy reads:
11. Authorization Clause
By acceptance of this Policy, the Insureds as defined in Insuring Agreement IIA agree that the School named in Item 1 of the Declarations shall act on behalf of all Insureds with respect to the giving and receiving of notice of claim or cancellation, the payment of premiums and the receiving of any return premiums which may be due under this policy.
The school is, accordingly, the agent of the insureds. The school is not, however, made an insured under the coverage section of the policy. The coverage section states that the policy, subject to its terms, conditions, and limitations, will only pay on behalf of the insureds defined in section IIA. The school is not named in that section, *1161 nor is it a member of the class of insureds, i.e., a trustee or personnel.
In addition to the policy, the school's application of insurance contained a general questionnaire requesting information about the school itself (i.e., location, grades taught, number of students and employees, etc.). This application also had three other sections: (a) "Section A  Trustee & Personnel Liability Insurance," (2) "Section B  Worker's Compensation Insurance," and (3) Section C  Umbrella or Excess Liability Insurance." The school completed the general questionnaire and section A of the application but left sections B and C blank.
When one considers the entire policy along with the application for insurance and gives effect to every provision thereof, any apparent ambiguity regarding Item 1 of the declarations and the policy's definition of an insured is clarified. See Treasure Salvors; § 627.419(1). See also Hoffman v. Robinson, 213 So.2d 267 (Fla. 3d DCA 1968) (legal effect of contract must be determined from words of entire contract and court may not violate the clear meaning to create an ambiguity). The words of the entire contract indicate that the school's name and address is listed in Item 1 as "insured" as a party to the insurance contract, who was obligated to act as an agent on behalf of the class of insureds, pay the premiums, and receive any correspondence. The school is not included as an insured under the coverage section of the policy.
The trial court's holding to the contrary results in the school itself, without paying a premium therefor, being entitled to general liability insurance coverage despite the fact that the school's application for insurance only requested liability coverage for its trustees and personnel. See Travelers Indem. Co. v. Milgen Dev. Inc., 297 So.2d 845 (Fla. 3d DCA), cause dismissed, 303 So.2d 334 (1974) (if one interpretation of an insurance policy, viewed with other provisions of the policy and its general object and scope, would lead to an absurd conclusion, that interpretation must be abandoned and one consistent with reason and probability adopted). The court, accordingly, erred by entering summary judgment for Canterbury.
Reversed and remanded for proceedings consistent herewith.
LEHAN, J., concurs.
PATTERSON, J., dissents without opinion.